## NATHANIEL KETCHAM, RESPONDENT, *v.* CHARLES WOOD, APPELLANT, IMPLEADED WITH OTHERS.

*Mortgage—the recording of it is notice only to the extent of the amount then ad-vanced, or agreed to be advanced, upon it—when a second mortgage is entitled to priority over advances, made upon a prior one after the recording of the second.*[*]

On May 15, 1875, one C. Ketcham executed and delivered to the plaintiff a bond
for $300 and a mortgage to secure the payment thereof, which was, on May
17, duly recorded.  At the time of the giving of the mortgage the plaintiff
advanced to the said Ketcham the sum of $75, and thereafter and at various
times between June 9 and July 13, 1875, he advanced the balance of the
$300 to him, in such amounts as he required to pay for the labor and mate-
rials used in erecting a house upon the mortgaged premises.   The mortgage
did not show that it was given to secure future advances, nor was there
any agreement proved that such advances should be made, or be secured
by the mortgage.   On June 3, 1875, the said Ketcham, to secure an existing
indebtedness, executed and delivered to the defendant Wood a bond for
$450, and a mortgage upon the same premises, to secure the payment
thereof; which mortgage was, on June 7, 1875, duly recorded.   The
plaintiff had no knowledge of the execution or existence of the Wood mort-
gage at the time of his making the subsequent advances to Ketcham.
In an action to foreclose the mortgage given to the plaintiff, *Held,* that the
recording of the plaintiff's mortgage was notice to Wood to the extent
only of the amount then actually advanced upon it.
That the recording of the mortgage given to Wood operated as a legal notice
to the plaintiff of its existence, and that, as to all advances thereafter made,
the plaintiff was to be regarded as a subsequent incumbrancer, and that as
to such advances the lien of his mortgage was inferior to that of Wood.

APPEAL from so much of the judgment entered herein, upon the

---

[*] See *Ackerman* v. *Hunsicker*, 21 Hun, 53.

report of a referee, as awarded to the plaintiff's mortgage a priority over one subsequently executed to the defendant, Wood.

The action was brought to foreclose a mortgage. The referee to whom it was referred to hear and determine the issues, found, among other facts: "That the defendant, Conklin Ketcham, on May 15, 1875, executed and delivered to his brother, the plaintiff, his bond, in the penal sum of $600, dated on that day, and conditioned for the payment of $300 and interest, on demand; and that on the same day the said Conklin Ketcham, with Phebe A., his wife, duly executed, acknowledged and delivered to the plaintiff their mortgage upon the premises described in the complaint, to secure the payment of said bond, which mortgage was recorded in Queens County Clerk's office, on May 17, 1875, in Liber 307 of Mortgages, on page 345. That before the commencement of this action the plaintiff duly demanded payment of the defendant, Conklin Ketcham, of the amount owing on the said bond and mortgage. That there is now due and owing on the said bond and mortgage, to the plaintiff, the principal sum of $300, with interest thereon from May 15, 1875, amounting to $68.25, making a total sum due for principal and interest of $368.25. That when the said bond and mortgage was so executed there was nothing owing by the defendant, Conklin Ketcham, to the plaintiff; that the said bond and mortgage were made to enable the said Conklin Ketcham to raise money to finish a dwelling-house that he was then erecting on the mortgaged premises; that at the time of the execution thereof the plaintiff advanced to the said Conklin Ketcham about $75 in cash, on account of the said bond and mortgage, and the balance of the principal of $300 thereof was thereafter paid to the said Conklin Ketcham by the plaintiff, in cash or by check, from time to time, as the same was required to pay for labor and materials used in furnishing the said dwelling-house, the entire amount having been paid to him within a period of about seven weeks after the execution of the said bond and mortgage; four of such final payments were made by the checks of the plaintiff to the said defendant, Conklin Ketcham, which are respectively dated and for the amounts following, viz.: June 9, 1875, for $37; June 12, 1875, for $45; June 29, 1875, for $40; July 13, 1875, for $40. That

the defendant, Conklin Ketcham, not having the means to purchase and pay for the lumber to be used in building his said house, agreed with the defendant, Charles Wood, that he should sell and deliver such lumber, and that he, Conklin, would raise money by mortgage upon his lot when the house should be erected thereon, and pay the said Wood for such lumber. That pursuant to such agreement, the said Wood did, from November, 1874, to April or May, 1875, sell and deliver to the said Conklin Ketcham, lumber which was used in such building, to the value of about $400, which was thereafter increased, including interest, to $450, no part of which has been paid by the said Conklin Ketcham. That subsequently, on June 3, 1875, for the purpose of securing the payment of the said last-mentioned sum, the said Conklin Ketcham made his bond to the defendant, Wood, in the penal sum of $900, conditioned for the payment of $450, on demand, with interest, and on the same day the said Conklin, with his wife, executed and delivered to the said Wood their mortgage on the premises described in the complaint, to secure the payment of the said bond, which mortgage was recorded in the said clerk's office, on June 7, 1875, in Liber 308 of Mortgages, page 440; and which last mortgage has since been foreclosed by the said defendant Wood, who purchased the premises on the sale for an amount less than that owing to him on the said mortgage. That it does not appear that the plaintiff had any knowledge or notice of the execution, or existence of the mortgage made to the said defendant Wood, before he, the plaintiff, made the four final payments to the said Conklin Ketcham on the $300 bond and mortgage held by the plaintiff. That the said plaintiff, at the time he took his said mortgage, had full knowledge of the agreement between his brother and the said Charles Wood, and as he testified, supposed that the latter had not received his money or any part thereof."

The referee held that the plaintiff's mortgage was a paramount lien and incumbrance on the said premises for the entire amount due thereon, and was entitled to priority over all other mortgages thereon.

From the judgment entered upon this report, and the order confirming the same, this appeal was taken.

*J. H. Tuthill*, for the appellant.

*John J. Armstrong*, for the respondent.

GILBERT, J. :

The referee did not find that the plaintiff's mortgage was given to secure future advances, nor does the mortgage on its face purport to have been given for that purpose ; nor is there any evidence of an agreement on the part of the plaintiff to make further advances after the mortgage was delivered. When the mortgage to the plaintiff was delivered, he advanced to the mortgagor $75 only. Before any further advances were made by him, Wood's mortgage had been duly delivered and recorded. The question is whether the plaintiff's mortgage is entitled to priority over Wood's mortgage, as to the advances which were made after Wood's mortgage was recorded. No doubt a mortgage, given as security for future advances to a specified amount, is valid, and the record of such a mortgage is notice of a lien to the extent of the advances specified. But if there is no agreement respecting further advances, and none are referred to in the mortgage, the record of the latter cannot, in the nature of things, be a notice that it was given as a security for further advances. It is notice of any advance actually made, because, although the record itself conveys no notice that any sum less than that stated therein was advanced, yet it is undoubtedly sufficient to put any one upon inquiry, and is notice of any fact which would, in the usual course of business, be ascertained upon such inquiry. (*Williamson* v. *Brown*, 15 N. Y., 361; *Craig* v. *Tappin*, 2 Sandf. Ch., 78.) Wood, therefore, is chargeable with notice only, of the fact that $75 had been advanced by the plaintiff, before he (Wood) took his mortgage. It was not notice that the plaintiff had made the subsequent advances, for they had not been made; nor of any agreement to make them, for no such agreement existed; nor that the mortgage was given as security therefor, for no such purpose was legally manifested in any form.

It is clear then, that at the time Wood's mortgage was delivered, the plaintiff's lien actually amounted to only the sum of $75, and we

are of opinion that if Wood had actually notified the plaintiff that he had obtained a mortgage on the same premises, the lien of the plaintiff's mortgage for advances made after such notice would have been subordinate to that of Wood's mortgage. I am not aware that this point has been directly adjudicated in this State, but the foregoing conclusion seems to me to be founded in justice and equity. When Wood's mortgage was recorded, $75 only would have been necessary to be paid to redeem or extinguish the plaintiff's mortgage. Subject to a lien for that sum only, the mortgaged premises belonged to the mortgagor to sell, mortgage, or otherwise dispose of at his pleasure. It would seem to follow as a corollary, that as respects the advances which were made by the plaintiff, after the delivery of Wood's mortgage, the plaintiff should be treated as a subsequent incumbrancer. Was he such subsequent incumbrancer without notice of Wood's mortgage? He had no actual notice, but the legal effect of the statute relating to the recording of conveyances, mortgages, &c., is to make the record thereof notice to incumbrancers, whose liens have accrued after the record was made. Although the plaintiff's mortgage was first recorded, and such record was notice to Wood, yet it was notice only of facts which actually existed, and Wood might lawfully take another mortgage, upon the mortgagor's equity of redemption. That included the whole estate in the mortgaged premises, except the lien which then existed in favor of the plaintiff. That being so, the plaintiff, could not increase the amount of his lien, without becoming, as respects such increase, an incumbrancer subsequent to Wood.

We are of opinion, therefore, that the record of Wood's mortgage was a sufficient notice thereof to the plaintiff. I do not deem it necessary to review the authorities on this subject. They are conflicting, and it will suffice to refer to Washb. R. P., ch. 16, §§ 4, 42, *et seq.;* 1 Jones Mort., §§ 365–378; Thomas Mort., 61, 62; and 4 Kent's Comm., 175, where citations of and comments upon them will be found.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Part of judgment appealed from reversed, and new trial granted at Special Term; costs to abide event.